# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:15 CR 39-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | **ORDER** |
| ) | |
| APRIL BRADLEY, ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

THIS CAUSE coming before the undersigned upon a Violation Report (#15) filed by the United States Probation Office on June 17, 2015 alleging that Defendant had violated terms and conditions of her pretrial release. At the call of this matter on for hearing it appeared that Defendant was present with her counsel, Mary Ellen Coleman, and the Government was present through Assistant United States Attorney, Thomas Kent. From the evidence offered and from the statements of the Assistant United States Attorney, the attorney for the Defendant, and the records in this cause, the Court makes the following findings.

**Findings**: At the call of the matter, the Defendant, by and through her attorney, admitted the allegations contained in the Violation Report. The Government introduced without objection the Violation Report into evidence.

The Defendant was charged in a bill of indictment (#1) filed on June 2, 2015 with conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 846 and

with possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1). A hearing was held in regard to the detention of Defendant on June 10, 2015. On that date, the undersigned entered an Order releasing Defendant on a $25,000 unsecured bond. The undersigned further set conditions of release which included the following:

> (1) Defendant shall not violate any federal, state or local law while on release.
>
> (8)(p) Defendant is to refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

On June 11, 2015, the day after her release, Defendant tested positive for the use of methamphetamine. On June 15, 2015, Defendant admitted she had been using methamphetamine and snorting Seroquel. On June 16, 2015, Defendant had possession of one tablet of Trazodone, six tablets of Quetiapine, and one tablet of Tizanidine. Defendant did not have any prescription for these medications.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer -----

> (1)  finds that there is----
>      (A) probable cause to believe that the person has committed a

Federal, State, or local crime while on release; or
  (B) clear and convincing evidence that the person has violated any other condition of release; and
(2) finds that ---
  (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
  (B) the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

Based upon the evidence, the undersigned finds there is probable cause to believe that Defendant committed a federal and state crime while on release. The Defendant possessed methamphetamine and Seroquel so she could consume those substances. That possession violated both federal and state law. The consumption of methamphetamine is a felony under federal law, 21 U.S.C. § 844, and is a felony under state law. N.C.G.S. § 90-95(a)(3). Due to the fact there is probable cause to believe that Defendant committed a felony, a rebuttable presumption arises, pursuant to 18 U.S.C. § 3148, that no condition or combination of conditions would assure that Defendant will not pose a danger to the safety of any other person or the community.

There has further been shown by clear and convincing evidence that the

Defendant violated the condition of release that required her to refrain from use or possession of a narcotic drug or other controlled substance defined in 21 U.S.C. § 802 unless prescribed by a licensed medical practitioner. Methamphetamine is a drug which is not prescribed by a licensed medical practitioner. Further, Defendant did not have a prescription for Trazodone, Quetiapine, or Tizanidine.

Due to the findings made above and further considering the presumption that is created by statute, it appears there is no condition or combination of conditions of release that will assure that the Defendant will not pose a danger to the safety of any other person or the community.

The undersigned has considered the factors as set forth under 18 U.S.C. § 3142(g), including Defendant's criminal record. Defendant's criminal record shows the following:

| Date | County | Offense | Conviction |
|---|---|---|---|
| 8/3/94 | Haywood | Second degree trespass | 8/17/94 |
| 2/26/95 | Haywood | Driving while license revoked | 3/28/95 |
| 9/6/95 | Jackson | Simple assault | 1/7/97 |
| 12/18/96 | Jackson | Assault with deadly weapon | 1/7/97 |
| 8/21/04 | Haywood | Worthless check | 9/8/04 |
| 7/14/05 | Haywood | Driving while license revoked, no insurance | 9/13/05 |
| 10/3/05 | Haywood | Driving while license revoked | 2/21/06 |
| 9/11/07 | Haywood | No operators license | 10/22/07 |
| 2/24/14 | Jackson | Possession of drug paraphernalia | 1/14/15 |

The criminal record of Defendant shows that she has violated probation on numerous occasions. As a result of the criminal record of Defendant and based

upon Defendant's actions in this matter, it is the opinion of the undersigned that it is unlikely that Defendant will abide by any condition or combination of conditions of release.  As a result of the above referenced findings, the undersigned has determined to enter an Order of revocation revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an Order detaining the Defendant.

After Defendant has been detained and held for a period of thirty (30) days, Defendant's counsel may file a motion asking that the Court reconsider the issue of pretrial release of Defendant.  However, the Court will only release Defendant for the purpose of attending an inpatient substance abuse treatment program which would have to have a period of thirty (30) days or more of active inpatient treatment.

**ORDER**

**IT IS, THEREFORE**, **ORDERED** that the unsecured bond and the terms and conditions of pretrial release in this matter are hereby **REVOKED** and it is **ORDERED** that Defendant be detained pending further proceedings in this matter. After Defendant has been held in detention for a period of thirty (30) days, Defendant's counsel will be allowed to file a motion and the Court will schedule a hearing to determine whether or not Defendant should be released on terms and

conditions of pretrial release which would include the Defendant being treated at an inpatient substance abuse program having at least thirty (30) days or more.

Signed: June 22, 2015

Dennis L. Howell
United States Magistrate Judge